**Alan B. KUPER and Virginia A. Kuper, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 14749.**

United States Court of Appeals Third Circuit.

Argued April 14, 1964.

Decided June 9, 1964.

Martin D. Cohen, Newark, N. J. (Cohen, Rosenbaum & Scher, Newark, N. J., on the brief), for petitioners.

Morton K. Rothschild, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Attorneys, Department of Justice, Washington, D. C., on the brief), for respondent.

Before BIGGS, Chief Judge, HASTIE, Circuit Judge, and KIRKPATRICK, District Judge.

KIRKPATRICK, District Judge.

This is a petition to review a decision of the Tax Court holding that the taxpayers are not entitled to a deduction of a donation to the League of Women Voters of Millburn, New Jersey, as a charitable contribution within the meaning of Section 170(a) (1) and (c) (2) of the Internal Revenue Code of 1954. More narrowly stated, the issue is whether the record supports the finding of the Tax Court that a substantial part of the activities of the Millburn League consists of attempting to influence legislation, a fact which would disqualify the donation as a charitable contribution.

The evidence shows that whereas an insignificant part, measured by "woman hours", of the activities of the League consists of writing, telegraphing or telephoning to representatives in Congress and the state legislature, testifying before legislative committees and like direct efforts to influence legislation, a very substantial portion was spent in formulating, discussing and agreeing upon the positions, if any, to be taken with respect to advocating or opposing various legislative measures. Whether the latter type of activity is properly considered a part of a program for influencing legislation is the question upon which the case largely turns. The Court of Claims in League of Women Voters

of United States v. United States, 180 F.Supp. 379, held that it was and we think that the Tax Court in the present case was correct in taking the same view. The activities in question are an essential part of the general legislative program of the League to promote desirable governmental policies through legislation, direct political action being the end product.

The Tax Court held that the activities of the League mentioned above, taken together, constitute a substantial part of its program, and we agree. This being so, it follows that it is immaterial (1) that the Millburn League, as found by the Tax Court, is basically an educational organization devoted to fostering participation of women in public affairs, and (2) that the legislation advocated from time to time was intended to promote sound government and was for the benefit of all citizens rather than in the interests of a limited or selfish group.

It is clear that the disqualification of organizations engaged to any substantial degree in political activities, contained in Section 170(c) (2) (D), was intended to apply to educational groups as well as religious, charitable, scientific, or literary organizations, particularly since political and educational activities are often not easily distinguishable. As to the character of the legislation advocated, Congress wisely refrained from distinguishing between types of legislation, very likely in order not to place upon the courts the usually impossible task of determining whether any particular law is unselfish and in the public interest or whether it serves private or selfish interests.

The League of Women Voters case which was before the Court of Claims concerned a gift to the national organization and the present case concerns a gift to a local chapter. However, the Millburn League is an integral part of both the state and national organizations, having substantially the same announced purposes and policies, and the reasoning of the Court of Claims is fully applicable to the present case.

We see no merit in the taxpayers' argument that the Tax Court's holding is at variance with applicable Treasury Regulations.

The decision of the Tax Court will be affirmed.